**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MESIVTA SANZ HUDSON COUNTY INC, <br><br> Plaintiff, <br><br> vs. <br><br> WESCO INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wesco Insurance Company ("Wesco") removes this case from the Superior Court of New Jersey, Law Division, Hudson County, where it is now pending, to the United States District Court for the District of New Jersey, and states as follows:

1.  On June 9, 2023, Plaintiff Mesivta Sanz Hudson County Inc. ("Plaintiff") filed its Complaint against Wesco in the Superior Court of New Jersey, Law Division, Hudson County, and the matter was assigned docket number HUD-L-002046-23. Annexed hereto as Exhibit A is a true and correct copy of the Summons and Complaint.

2.  Upon information and belief, Plaintiff is a corporation duly existing and operating under the laws of the State of New Jersey, with a principal place of business located at 3400 New York Avenue, Union City, New Jersey 07087 ("Property"). *See* Ex. A, ¶ 3.

3.  Plaintiff alleges in the Complaint that Wesco "was and still is a corporation authorized, licensed, admitted and/or engaged in the business of providing insurance and being an insurer in the State of New Jersey, and located at 59 Maiden Lane, 43rd Floor, New York, New York 10038." *See* Ex. A, ¶ 4.

4. Plaintiff further alleges that Wesco "was and is authorized by the New Jersey Department of Banking and Insurance to engage in the business of insurance in the State of New Jersey and to issue policies of insurance including the policy herein sued upon." *See* Ex. A, ¶ 5.

5. More specifically, Wesco is and has been a Delaware corporation with a principal place of business in Cleveland, Ohio.

6. The Complaint alleges that Wesco breached the terms and conditions of an insurance policy issued by Wesco to Plaintiff under which Plaintiff alleges it is entitled to additional coverage for a claimed fire loss occurring on or about July 2, 2021. *See generally* Ex. A.

7. Plaintiff claims it has "been damaged in the sum of at least $777.745.84, with interest from July 2, 2021." *See* Ex. A, ¶ 11.

8. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action or proceeding shall be filed within 30 days after receipt of the Complaint by Wesco, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

9. The Complaint constitutes an initial pleading for purposes of removal under 28 U.S.C. § 1446(b)(1).

10. Wesco's only receipt of the Summons and Complaint was by mail on June 15, 2023, at a location in New York, which is defective service under the New Jersey rules and laws. *See* N.J. Ct. R. 4:4-4 (requiring service upon a corporation within the state must be made by serving a copy of the summons and complaint on "any officer; director; trustee or managing or

general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof"); N.J.S.A. 17:32-2(c) ("No such company shall be admitted [as an insurer] until it…[c]onstitutes…the commissioner and his successor in office [with the State of New Jersey Department of Banking and Insurance] its true and lawful attorney, upon whom all original process in any action or legal proceeding against it may be served, and therein agrees that any original process against it may be served upon the commissioner shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in forced irrevocable so long as any liability of the company remains outstanding in this State…").

11. Despite not being properly served with the Summons and Complaint, Wesco accepted service by email on July 17, 2023. Annexed hereto as Exhibit B is a true and correct copy of the email from Wesco's counsel to Plaintiff's counsel on service.

12. Accordingly, removal to this Court is timely and appropriate pursuant to 28 U.S.C. § § 1441 and 1446.

13. A true copy of this Notice of Removal has been filed with the Superior Court of New Jersey, Law Division, Hudson County, and served on Plaintiff as provided by 28 U.S.C. § 1446(a).

WHEREFORE, Wesco removes this civil action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441.

                MOUND COTTON WOLLAN
                  & GREENGRASS LLP
                *Attorneys for Defendant*
                  *Wesco Insurance Company*

                By    s/ *Kevin F. Buckley*
                    Kevin F. Buckley
                    Katharine Anne Lechleitner
                30A Vreeland Road, Suite 210
                Florham Park, New Jersey 07932
                973-494-0600
                kbuckley@moundcotton.com
                klechleitner@moundcotton.com

Dated:  July 17, 2023

# EXHIBIT A

MOLOD, SPITZ & DeSANTIS, P.C.
Jack Glanzberg, Esq. – Atty. Id #279622023
1430 Broadway, 21st Floor
New York, NY 10018
Tel. No.: 646-627-7181
jglanzberg@molodspitz.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| MESIVTA SANZ HUDSON COUNTY INC.<br><br>Plaintiff(s),<br><br>vs.<br><br>WESCO INSURANCE COMPANY.<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>**SUMMONS**<br><br>CIVIL ACTION<br><br>Docket No.: HUD-L-002046-23 |

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: June 8, 2023                                                         /s/ Michelle M. Smith
                                                                                  Clerk of the Superior Court

TO:    WESCO INSURANCE COMPANY
          59 Maiden Lane, 43rd Floor
          New York, NY 10038

MOLOD, SPITZ & DeSANTIS, P.C.
Jack Glanzberg, Esq. – Atty. Id #279622023
1430 Broadway, 21st Floor
New York, NY 10018
Tel. No.: 646-627-7181
jglanzberg@molodspitz.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| MESIVTA SANZ HUDSON COUNTY INC.<br><br>Plaintiff(s),<br><br>vs.<br><br>WESCO INSURANCE COMPANY.<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>**COMPLAINT, DEMAND FOR TRIAL BY JURY, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION**<br><br>CIVIL ACTION<br><br>Docket No.: HUD-L-002046-23 |

Plaintiff, MESIVTA SANZ HUDSON COUNTY INC, by its attorneys, Molod Spitz & DeSantis, P.C., having an office at 1430 Broadway, 21st Floor, New York, NY 10018, and as for its Complaint, herein alleges upon information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has personal and subject matter jurisdiction over this litigation pursuant to R: 4:3-2(a).

2. Venue is proper given that the subject property is located in HUDSON COUNTY.

### FIRST COUNT AGAINST DEFENDANT FOR BREACH OF CONTRACT

3. At all times hereinafter mentioned, Plaintiff is a corporation duly existing and operating under the laws of the State of New Jersey, with a principal place of business located at 3400 New York Avenue, Union City, NJ 07087 (hereinafter "Subject Premises"), and maintains an ownership interest and/or insurable interest thereat.

4. At all times hereinafter mentioned, Defendant WESCO INSURANCE COMPANY was and still is a corporation authorized, licensed, admitted and/or engaged in the business of

providing insurance and being an insurer in the State of New Jersey, and located at 59 Maiden Lane, 43rd Fl, New York, NY 10038.

5. At all times hereinafter mentioned, Defendant was and is authorized by the New Jersey Department of Banking and Insurance to engage in the business of insurance in the State of New Jersey and to issue policies of insurance including the policy herein sued upon.

6. On or before February 28, 2021, Defendant made, renewed and/or issued to Plaintiff for good and valuable consideration a certain policy of insurance bearing policy number WPP1905636-00 wherein and whereby Defendant did insure the subject premises.

7. That on or about July 2, 2021, while said policy was in full force and effect, Plaintiff suffered a loss by a covered peril of the property insured by Defendant, i.e. a fire.

8. As a result, Plaintiff sustained building damage in the sum of $741,059.30, incurred $31,067.92 in emergency mitigation, as well as business personal property damage in the sum of at least $86,038.91.

9. Defendant has only remitted payment in the sum of $80,420.29 to Plaintiff on the claim.

10. Defendant has declined to fully indemnify Plaintiff for the loss sustained although claim was duly made, and all conditions of the policy have been met.

11. As a result of Defendant's breach of contract, Plaintiffs have been damaged in the sum of at least $777,745.84, with interest from July 2, 2021.

**WHEREFORE**, it is respectfully requested that Plaintiff MESIVTA SANZ HUDSON COUNTY INC., have judgment against Defendant on the First Cause of Action in a sum to be determined at trial, but in no event less than $777,745.84, with interest from July 2, 2021, together with costs and counsel fees pursuant to Rule 4:42-9(6).

Dated: June 9, 2023

*Jack Glanzberg*
Jack Glanzberg, Esq.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented herein.

Dated: June 9, 2023

*Jack Glanzberg*
Jack Glanzberg, Esq., Esq.

### DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:25-4

PLEASE BE ADVISED that attorney Jack Glanzberg, Esq. is hereby designated as trial counsel in the above captioned matter on behalf of the Plaintiff.

Dated: June 9, 2023

*Jack Glanzberg*
Jack Glanzberg, Esq.

### CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration proceeding. No other action or arbitration proceeding is contemplated by the Plaintiff.

Dated: June 9, 2023

*Jack Glanzberg*
Jack Glanzberg, Esq.

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-002046-23

**Case Caption:** MESIVTA SANZ HUDSON COUNTY IN VS WESCO INSURANC
**Case Initiation Date:** 06/09/2023
**Attorney Name:** JACK GLANZBERG
**Firm Name:** MOLOD SPITZ & DESANTIS PC
**Address:** 1430 BROADWAY 21ST FL
NEW YORK NY 10018
**Phone:** 2128693200
**Name of Party:** PLAINTIFF : Mesivta Sanz Hudson County Inc
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** Mesivta Sanz Hudson County Inc? NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   Insured vs Insurer

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
If yes, please identify the requested accommodation:


**Will an interpreter be needed?** NO
If yes, for what language:


**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/09/2023
Dated

/s/ JACK GLANZBERG
Signed

# EXHIBIT B

# Katharine Lechleitner

| | |
|---|---|
| **From:** | Katharine Lechleitner |
| **Sent:** | Monday, July 17, 2023 4:26 PM |
| **To:** | 'Jack Glanzberg' |
| **Cc:** | Kevin Buckley |
| **Subject:** | RE: Mesivta Sanz Hudson County Inc. v. Wesco Ins. Co. (HUD-L-2046-23) |

Hi Jack,

For your future reference, Rule 4:4-4(a) provides that the primary method of obtaining in personam jurisdiction over a defendant in New Jersey is by causing the summons and complaint to be personally served within New Jersey. For a corporation, service within New Jersey must be accomplished through serving a copy of the summons and complaint on "any officer; director; trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof[.]"  Since you have researched Wesco with the New Jersey Department of Banking and Insurance, you are aware that Wesco, as a New Jersey admitted insurer, has designated the Commissioner of the Department of Banking and Insurance as its agent for service of process. See N.J.S.A. 17-32-2(c) ("No such company shall be admitted until it…[c]onstitutes…the commissioner and his successor in office its true and lawful attorney, upon whom all original process in any action or legal proceeding against it may be served, and therein agrees that any original process against it which may be served upon the commissioner shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this State…").

Because Wesco can be served personally within New Jersey through service on the Commissioner of the Department of Banking and Insurance, service on Wesco at a New York office is not effective. See R. 4:4-4(b)(1) (requiring an affidavit stating that despite diligent effort and inquiry, personal service cannot be made within New Jersey before substituted or constructive service outside of New Jersey is effective).

As a courtesy, we have agreed to accept service by email as of today's date to avoid you incurring the additional cost and time needed to properly serve Wesco. I can provide you an acknowledgment of service if you would like, though this email suffices.

Thank you,

Kate

**Katharine Anne Lechleitner**
*Associate*

**Mound Cotton Wollan & Greengrass LLP**
30A Vreeland Road
Florham Park, NJ 07932
Tel: (973) 494-0670
Fax: (973) 242-4244
Email: klechleitner@moundcotton.com
Web: www.moundcotton.com
**New York | Long Island | New Jersey | Florida | California| Texas**
**Established 1933**



**From:** Jack Glanzberg <jglanzberg@molodspitz.com>
**Sent:** Monday, July 17, 2023 11:08 AM
**To:** Katharine Lechleitner <KLechleitner@moundcotton.com>
**Cc:** Kevin Buckley <KBuckley@moundcotton.com>
**Subject:** RE: Mesivta Sanz Hudson County Inc. v. Wesco Ins. Co. (HUD-L-2046-23)

Katharine,

Wesco has identified their NY office as their address with the New Jersey Dept of Banking & Insurance, and per R. 4:4-4(b), they may be served at that location. As such, I disagree that service was not proper. Service was accomplished on 6/15, which would make your answer due today if I am not mistaken, and I don't think it's a coincidence that you are reaching out to me now. So with that in mind, if you'd like an extension of time until 8/4, which is about 3 weeks, then by all means send me a stipulation to that effect and please include that you are waiving any jurisdictional defenses or defenses of lack of proper service.

**Jack Glanzberg**
Molod Spitz & DeSantis, P.C.
1430 Broadway, 21st Floor
New York, NY  10018
P (212) 869-3200
D (646) 627-7181
F (212) 869-4242
jglanzberg@molodspitz.com
www.molodspitz.com

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended only for the person or entity to which it is addressed and may contain confidential and /or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.  If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**From:** Katharine Lechleitner <KLechleitner@moundcotton.com>
**Sent:** Monday, July 17, 2023 10:53 AM
**To:** Jack Glanzberg <jglanzberg@molodspitz.com>
**Cc:** Kevin Buckley <KBuckley@moundcotton.com>
**Subject:** Mesivta Sanz Hudson County Inc. v. Wesco Ins. Co. (HUD-L-2046-23)

********** EXTERNAL EMAIL **********

Hi Jack,

Our office represents Wesco Insurance Company in the Mesivta Sans Hudson County Inc. matter.  Wesco received the summons and complaint at their offices in New York.  This is not proper service under R. 4:4-4 and N.J.S.A. 17:32-2(c).  However, we will accept service of the summons and complaint by email on Wesco's behalf as of today's date if you agree.

Please give us a call if you wish to discuss this matter further.

Thank you,

Kate

**Katharine Anne Lechleitner**
*Associate*

**Mound Cotton Wollan & Greengrass LLP**
30A Vreeland Road
Florham Park, NJ 07932
Tel: (973) 494-0670
Fax: (973) 242-4244
Email: klechleitner@moundcotton.com
Web: www.moundcotton.com
**New York | Long Island | New Jersey | Florida | California| Texas**
**Established 1933**



The information contained in this electronic message is confidential, intended solely for the addressee(s), and may constitute privileged communications or attorney work product. Any unauthorized access, use, reproduction, transmission, disclosure, or dissemination is prohibited. Neither MOUND, COTTON, WOLLAN & GREENGRASS LLP nor the author assumes any legal liability or responsibility for any incorrect, misleading, or altered information contained in this electronic message.